**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Rodriguez,<br><br>              Plaintiff,<br><br>v.<br><br>The United States; The Department of Homeland Security; United States Customs and Border Protection; William K. Brooks as Director of Field Operations, Tucson Field Office, U. S. Customs and Border Protection; Jason West as Acting Port Director at Phoenix Sky Harbor International Airport, U. S. Customs and Border Protection; Heather Froese, as Assistant Port Director Phoenix Sky Harbor International Airport, U. S. Customs and Border Protection; Kimberly Kros, as Supervisory Officer, U. S. Customs and Border Protection; Todd C. Owen, as Assistant Commissioner of Office of Field Operations, U. S. Customs and Border Protection; Kevin K. McAleenan as Acting Commissioner of U. S. Customs and Border Protection; Elaine Duke, as Secretary of the Department of Homeland Security,<br><br>              Defendants. | No. CV-17-01200-PHX-NVW<br><br>**ORDER** |

Plaintiff Alberto Rodriguez ("Rodriguez") had a job as a baggage handler for American Airlines at Phoenix Sky Harbor International Airport. For that job he needed and had a security clearance. His 2016 application for clearance renewal from United States Customs and Border Protection ("Customs") was denied. The denial letter had the following as its entire explanation:

> On or about September 9, 2011, you were arrested by United States Border Patrol agents near Blyth, California as a driver of vehicle carrying one illegal alien. This is a violation of 19 CFR 122.183(a)(4)(xxxiv), "Any violation of a U.S. Immigration law,…." This is reason for denial.

(Doc. 1-2.)

Rodriguez seeks mandamus to compel an evidentiary hearing, a declaratory judgment that 19 C.F.R. § 122.183(a) is unconstitutionally vague, instructions on procedures constitutionally required in the administrative proceeding, judicial review of final agency action under the Administrative Procedure Act, and remand under the Administrative Procedure Act for failure to follow the agency's own regulations.

The Government Defendants move to dismiss all claims. (Doc. 22.) Dismissal will be granted, except for Rodriguez's claim for remand under the Administrative Procedure Act. Rodriguez asserts the agency did not comply with its own regulations in denying the clearance—that is, the denial was "without observance of procedure required by law." 28 U.S.C. § 706(2)(D). This Court has authority to grant the relief of the remand, but only that relief.

Both sides' briefs are burdened with inapplicable, misstated, and overstated legal principles. Rather than build this discussion around correction of errors, the correct analysis and governing principles are presented below.

## I. FACTS ALLEGED

Rodriguez is a United States citizen domiciled in Phoenix, Arizona. (Doc. 17 at 3, ¶ 10.) On September 9, 2011, Rodriguez drove from Arizona to California for a friend's birthday party. (*Id.* at ¶ 23.) He had two friends in the car, one of whom was Joel

Sanchez. (*Id*.) Soon after the group passed the California border, Customs officers pulled them over. (Doc. 1-1 at 1.) All three were detained without being told why. (*Id*.) Rodriguez was held for six to seven hours, and his car was impounded. (*Id*.) He was eventually released, not charged with any crime, and told he would not be charged with any crime.

Sanchez was not charged either, but he might have been in the country illegally. The Complaint and other filings are unclear on this point. Rodriguez believed Sanchez had lived in the United States since he was a baby and was in the process of obtaining lawful status through his sister. (*Id*.) Sanchez had an Arizona driver's license and an immigration document that, as Rodriguez understood it, proved he had lawful immigration status. (*Id*.)

Five years after the detention in California, Rodriguez applied for a security clearance renewal from Customs. Rodriguez's application was denied pursuant to 19 C.F.R. § 122.183(a) with the explanation quoted above. (Doc. 1-2.) Section 122.183(a) says Customs will not grant a security clearance "to any person whose access to the Customs security area will, in the judgment of the port director, endanger the revenue or the security of the area or pose an unacceptable risk to public health, interest or safety, national security, or aviation safety." It then lists specific but non-exhaustive examples of bases for denial, including "a disqualifying offense committed by the applicant." *Id*. An "applicant commits a disqualifying offense if the applicant has been convicted of . . . or has committed any act or omission involving" a disqualifying offense. *Id*. One of the listed disqualifying offenses is any "violation of a U.S. immigration law." *Id.* § 122.183(a)(4)(xxxiv).

Rodriguez retained counsel to handle an administrative appeal. (Doc. 17 at 6, ¶ 27.) His attorney tried to identify a statute that Rodriguez could have violated. (Doc. 1-3.) He argued in the appeal letter that no statute applied, largely because Rodriguez would have lacked the *mens rea* to have committed any crime. (*Id.* at 1-2.) The letter

also argued that it is unclear whether Sanchez was actually in the country illegally, as he too was released from Customs custody. (*Id.* at 2.)

The Acting Port Director denied Rodriguez's appeal on October 7, 2016. (Doc. 1-4.) He "decided, within [his] discretion," that granting Rodriguez "access to [Customs] Security areas" would "endanger the revenue or the security of the area or pose an unacceptable risk to public health, interest or safety, national security or aviation safety." (*Id.*) His letter still did not explain what law Rodriguez had violated. (*Id.*)

On his further appeal, Rodriguez submitted a three-page, single-spaced letter that developed earlier arguments and added new ones, including that the refusal to consider the facts and arguments presented was an abuse of discretion. (Doc. 1-5.)

In a three-sentence letter, Director of Field Operations William K. Brooks denied the appeal:

> I am in receipt of your letter requesting that I vacate the Port Directors [*sic*] decision and clear Mr. Rodriguez to access the [Customs] Security Area, Zone 2 at the Phoenix Sky Harbor International Airport. I am unable to facilitate your request at this time. I fully support the decision of the Port Director, Phoenix Sky Harbor International Airport.

(Doc. 1-6.)

Rodriguez's administrative appeals options were exhausted. This action for judicial review followed. Defendants now move to dismiss.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

Rule 12(b)(1) allows a party to move to dismiss for lack of subject-matter jurisdiction. If a claim is nonjusticiable for constitutional reasons, the court lacks subject-matter jurisdiction and must dismiss the case. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

- 4 -

**B. Rule 12(b)(6)**

Rule 12(b)(6) allows a party to move to dismiss for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. ANALYSIS**

**A. The Court has general federal subject-matter jurisdiction over Rodriguez's claim for remand for failure to follow the agency's own regulation.**

**1. Whether an agency follows its own regulation is reviewable independently of the substance of its decision.**

Federal question subject matter jurisdiction lies in this case under 28 U.S.C. § 1331 because the Amended Complaint is pleaded (insufficiently) under various constitutional and other principles and (sufficiently) for the agency's failure to follow its own regulation, 19 C.F.R. § 122.83(b). Whether sufficient or insufficient, the claims still arise under federal law.

The federal statutory cause of action against the United States, its agencies, and its officers acting in their official capacity to remedy unlawful final agency action is created by the Administrative Procedure Act, 5 U.S.C. §§ 701-06. That cause of action is also a consent to suit to actions against the United States in its name and against federal officials in their official capacity—which otherwise has a confusing and confused history in the jurisprudence of federal sovereign immunity. The Administrative Procedure Act waives sovereign immunity and sweeps that confusion away for all final action within the scope of the Act. *Id.* § 702.

The Administrative Procedure Act does not create a cause of action for judicial review for agency action that "is committed to agency discretion by law," *id.* § 701(a)(2),

and with no cause of action, there is no waiver of sovereign immunity under § 702 for such cases.

Other law, not the Administrative Procedure Act, determines whether "agency action is committed to agency discretion by law." Defendants say, without citation, that Congress has left to agency discretion the substance of national security clearance determinations, including the denial in this case. But Defendants do not cite or discuss any statute addressing Customs's discretion or showing how its denial of clearances is committed to agency discretion. The Court will nonetheless assume Customs has such discretion. National security determinations are left to agency discretion "unless Congress specifically has provided otherwise." *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988).

But that is not the end of the jurisdictional analysis. The Administrative Procedure Act also provides for judicial review of agency action found to be made "without observance of procedure required by law." *Id.* § 706(2)(D). Under the *Accardi* doctrine, procedures required by law include an agency's own regulations and internal operating procedures, even for substantive decisions committed to discretion. *See generally United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (Attorney General's discretion to remove aliens who entered illegally). "The seeds of the *Accardi* doctrine are found in the long-settled principle that the rules promulgated by a federal agency, which regulate the rights and interests of others, are controlling upon the agency." *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). The doctrine allows a reviewing court to ensure "fairness in administrative proceedings" without "deciding the case on constitutional grounds." *Id.* at 168. The Ninth Circuit has also explained that it "is the duty of a reviewing court to ensure that an agency follows its own procedural rules." *Kelley v. Calio*, 831 F.2d 190, 191-92 (9th Cir. 1987). In other words, even for national security decisions committed to agency discretion, whether to follow the agency's rules is not

committed to its discretion and so is not excluded for judicial review under the Administrative Procedure Act.

### 2. Rodriguez has sufficiently pleaded a claim under *Accardi*.

19 C.F.R. § 122.183(b) requires that an applicant denied a security clearance be given written notice "fully stating the reasons for denial." The regulation bars reporting those reasons to the applicant's employer, but it also says that Customs will inform the employer "that the *detailed reasons* for the denial have been furnished to the applicant." *Id.* (emphasis added).

No one has a right to a national security clearance. But Rodriguez does have an interest, according to Customs's own regulations, in being told sufficiently why he was denied one. The *Accardi* doctrine thus applies, and Rodriguez may seek judicial review of whether the notice he received complied with § 122.183(b).

The text of the regulation says "fully stating the reasons" and "detailed reasons." At least one circuit has dealt with a statute requiring "specific reasons" for denial—in a case Defendants contend applies here. (Doc. 24 at 6.) In *Cheney v. Department of Justice*, 479 F.3d 1343, 1352 (Fed. Cir. 2007), the court explained that "the employee must be given enough information to enable him or her to make a meaningful response to the agency's proposed suspension of the security clearance."

Even though Defendants rely on the case, *Cheney* dictates that their motion to dismiss be denied under *Accardi*. Indeed, the *Cheney* court failed to see how the plaintiff "could have made a meaningful response to [ ] broad and unspecific allegations when there was no indication of when his alleged conduct took place or what it involved." *Id.* at 1352. The plaintiff should have been able to focus his response without having to guess, which he had to do, in part, because he was not told what law he had violated. *Id.* at 1353.

The *Cheney* question is whether the denial provides the applicant with enough information to meaningfully respond. Here, the answer is no. The denial letter claimed

- 7 -

Rodriguez generally violated immigration law without noting any particular immigration law violated. Such a letter does not provide the opportunity for meaningful response.

To this day Defendants do not explain what law Rodriguez supposedly violated. In their Reply, they state, "Plaintiff does not deny that he was arrested on September 9, 2011, as the driver of a vehicle used to transport an illegal alien." (Doc. 27 at 3.) The Court is unaware of any statute that imposes strict liability for transporting illegal aliens, and Defendants cite none. Rodriguez has been forced to guess what law Customs says he violated. (*See* Doc. 1-3 at 1-2; Doc. 1-5 at 1-3.) It is not unlawful merely to transport someone who happens to be here unlawfully. If done with knowledge or "in reckless disregard of the fact" that an alien is illegal, it is a crime to transport the illegal alien "in furtherance of such violation of law." 8 U.S.C. § 1324(a)(1)(A)(ii). The "in furtherance" element, like the rest of this penal statute, is "strictly construed." "[T]here must be a direct or substantial relationship between [the] transportation and its furtherance of the alien's presence in the United States." *United States v. Moreno*, 561 F.2d 1321, 1323 (9th Cir. 1977). "A broader interpretation of the transportation section would render the qualification placed there by Congress a nullity. To do this would potentially have tragic consequences for many American citizens who come into daily contact with undocumented aliens and who, with no evil or criminal intent, intermingle with them socially or otherwise." *Id*. Thus, given the facts recounted above, Customs's notice to Rodriguez could not sensibly have been referring to § 1324(a)(1)(A)(ii). But then, the Customs denial notice does not say Rodriguez violated this statute or any other.

Nor is it persuasive to point out that § 122.183(a) applies when an applicant "has committed any act or omission involving" a disqualifying offense or when there is evidence of an investigation "establishing probable cause to believe that the applicant has engaged in any conduct" that could lead to conviction for a disqualifying offense. The letter Rodriguez received did not say that he committed an act or omission or that there was probable cause to believe he had engaged in conduct that could lead to a conviction

for a disqualifying offense. The letter said he was arrested for violating immigration law. Customs may deny a clearance only for the reasons it gives. Those reasons must be detailed. 19 C.F.R. § 122.183(b). An applicant is not required to rebut every possible ground for denial that Customs did not invoke.

Defendants assert that requiring Customs to point to a specific law would require the Court to decide whether it agreed with Customs's determination that Rodriguez violated that law. (*Id.* at 3-4.) Not so. Defendants' preferred precedent rejects that exact contention: Had Customs provided Rodriguez with enough information to make a meaningful response, "considered his response to the charges against him, and then suspended his security clearance, *Egan* would have barred review of the agency's action." *Cheney*, 479 F.3d at 1353. The Court need not agree with, or even analyze, Customs's proffered rationale—but Customs must actually proffer a rationale.

The Complaint sufficiently alleges that Customs did not follow its own regulation. Rodriguez has stated an *Accardi* claim.

### B. Rodriguez's claims for mandamus, declaratory judgment, violation of due process, and substantive judicial review under the Administrative Procedure Act will be dismissed.

Rodriguez's Complaint fails to state a claim for mandamus, which the Court has already noted. (Doc. 8 at 1-2 ("To state a claim for mandamus, . . . Plaintiff would have to allege, among other things, that there is no other procedure or remedy for the allegedly wrongful agency action.").)

Further, the challenged portion of § 122.183(a) is not unconstitutionally vague. 19 C.F.R. § 122.183(a) says Customs will not grant a security clearance "to any person whose access to the Customs security area will, in the judgment of the port director, endanger the revenue or the security of the area or pose an unacceptable risk to public health, interest or safety, national security, or aviation safety." One basis for denial is violating a United States immigration law. *Id.* § 122.183(a)(4)(xxxiv). That Customs did

not explain which immigration law Rodriguez violated does not make this portion of the regulation unconstitutionally vague.

Rodriguez's due process claim is nonjusticiable. In *Egan*, the Supreme Court explained that it "should be obvious that no one has a 'right' to a security clearance." 484 U.S. at 528. Without an underlying life, liberty, or property right, Rodriguez cannot have a due process claim.

Finally, Rodriguez's claim for judicial review of Customs's substantive decision under the Administrative Procedure Act will also be dismissed. Agencies that make security clearance determinations are normally entitled to broad discretion insulated from judicial review. *Id.* at 529-30. *See also Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 196 (9th Cir. 1995) (noting that both *Egan* and Ninth Circuit precedent "preclude judicial review of security clearance decisions made by the Executive or his delegee"). *Egan* explains that national security determinations are left to agency discretion "unless Congress specifically has provided otherwise." 484 U.S. at 530. Matters committed to agency discretion are outside the Administrative Procedure Act's scope. 5 U.S.C. § 701(a)(2). Under *Egan*, it is likely that this Court lacks jurisdiction to overturn the agency's substantive decision.

## IV. CONCLUSION

The only remaining issue in this case is whether Customs followed its own regulation, 19 C.F.R. § 122.183(b). Defendants must file an Answer within fourteen days. Fed. R. Civ. P. 12(4)(A).

It appears this case now presents a pure question of law that would be ripe for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). Subject to further briefing, the Court would be disposed to grant such a motion in Rodriguez's favor. The resulting remand would moot any merits questions.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 22) is granted with respect to Plaintiff's claims for mandamus, declaratory relief, violation of

due process, and substantive judicial review under the Administrative Procedure Act. The motion is otherwise denied.

IT IS FURTHER ORDERED that Defendants file an Answer by June 22, 2018.

Dated this 8th day of June, 2018.

_____
Neil V. Wake
Senior United States District Judge